UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NATIONAL DEFAULT SERVICING CORP., | Case No. 2:13-cv-01311-RFB-GWF |
| Plaintiff, | ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND MOTION FOR LEAVE TO FILE SURREPLY |
| v. | |
| INTERNAL REVENUE SERVICE, et al., | |
| Defendants. | |

I.  **BACKGROUND**

On June 25, 2013, Plaintiff National Default Servicing Corporation ("NDSC") filed suit in the Eighth Judicial District Court of Clark County, Nevada against Defendants Internal Revenue Service, an agency of the United States of America; Baycliff Creeks Homeowners Association; Diedre S. Holland; Does 1 through 10; and Roe Business Entities 1 through 10. ECF No. 1-1. NDSC claimed that certain real property was sold at a non-judicial foreclosure sale that generated proceeds greater than the debt obligation owed to the beneficiary of the foreclosing deed of trust. NDSC alleged two causes of action: 1) interpleader of funds and 2) declaratory relief pursuant to Nevada Revised Statute 30.040. No Doe or Roe defendants were substituted.

On July 24, 2013, the United States petitioned to remove the case to this Court on the basis of 28 U.S.C. sections 1442 and 1444 jurisdiction. ECF No. 1.

On December 10, 2013, the Clerk of Court entered default as to Defendants Baycliff Creeks Homeowners Association and Diedre S. Holland for failure to plead or otherwise defend. ECF No. 19.

On April 1, 2014, NDSC filed the instant Motion for Summary Judgment. ECF No. 23.

On April 22, the United States filed its Response. ECF No. 24. On May 9, NDSC filed its Reply. ECF No. 25.

On May 16, 2014, the United States filed the instant Motion for Leave to File a Sur-Reply. ECF No. 26. In this motion, the United States claimed that NDSC's Reply introduced "new evidence that shows both that Plaintiff is not entitled to summary judgment, and that the United States is entitled to summary judgment." Mot. for Leave to File a Sur-Reply 1:24–25. The United States further claims relevant documents were produced to it on April 25, 2014, after the United States had filed its Response. Id. at 3. NDSC did not opposed the motion for sur-reply.

## II.     LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Johnson v. Poway Unified Sch. Dist., 658 F.3d 954, 960 (9th Cir. 2011).

If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). Conversely, "[i]f a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything," Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc., 210 F.3d 1099, 1102–03 (9th Cir. 2000).

To carry its burden of production, the moving party must identify particular portions of the pleadings or evidence on file that it "believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 324. Thus, the moving party must satisfy Fed. R. Civ. P.

56(c), which states that the movant must support its assertions by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials." "A trial court can only consider admissible evidence in ruling on a motion for summary judgment." Orr v. Bank of Am., NT & SA, 285 F.3d 764, 773 (9th Cir. 2002).

### III. DISCUSSION

#### A. Motion for Summary Judgment

NDSC attached eight exhibits to its Motion for Summary Judgment. ECF Nos. 23-1–23-8. Nonetheless, NDSC's motion is supported by a dearth of admissible evidence. The Ninth Circuit Court of appeals has held that unauthenticated documents cannot be considered in a motion for summary judgment, as authentication is a "condition precedent to admissibility." Orr, 285 F.3d at 773. Proper foundation may be established through any manner permitted by Federal Rule of Evidence 901(b) or 902. Id. at 774. None of NDSC's exhibits is properly authenticated and thus none may be considered in the instant Motion for Summary Judgment.

##### 1. Exhibits 1, 2, and 3

Exhibit 1 purports to be a promissory note signed by Diedre S. Holland. Exhibit 2 purports to be a deed of trust executed by Diedre S. Holland. Exhibit 3 purports to be a "true and correct copy of the Trustee's Deed Upon Sale." Mot. for Summ. J. 3:13–14.

None of Exhibits 1, 2, or 3 is accompanied by evidence sufficient to support a finding that the document is what NDSC claims it is. Exhibit 3 is accompanied by the claim in the motion that it is "a true and correct copy," but this assertion is inadequate for two at least reasons. First, the statement is contained within an unverified motion, not an affidavit or other sworn document. See Beyene v. Coleman Sec. Servs., Inc., 854 F.2d 1179, 1182 (9th Cir. 1988) ("It is not enough that [the attorney] characterizes the testimony as a 'true and correct copy.'"). Second, Kevin S. Soderstrom, the signer of the motion, has not established that he has knowledge sufficient to affirm the contents of the document attached as Exhibit 3. Exhibits 1 and 2 are accompanied by no claim of authenticity whatsoever.

None of these three documents is self-authenticating. To the extent any of these documents might qualify as a public document, a domestic public document may be self-authenticating only if it is either signed and sealed or signed and certified. Fed. R. Ev. 902(1), (2). None of these documents includes the required "signature purporting to be an execution or attestation." Fed. R. Ev. 902(1)(B); see Fed. R. Ev. 902(2)(A). Similarly, self-authenticating public records must be certified as correct. Fed. R. Ev. 902(4). These exhibits are not certified.

Therefore, as none of these documents are authenticated or is established to be self-authenticating, none are admissible and none may be considered by this Court at summary judgment.

### 2.     **Exhibits 4, 5, 6, 7, and 8**

Exhibits 4 and 5 purport to be letters sent from Tiffany & Bosco, P.A. to Baycliff Creeks Homeowners Association with certified mail receipts. Exhibits 6, 7, and 8 purport to be letters sent from Tiffany & Bosco, P.A. to the Internal Revenue Service with certified mail receipts. These letters are not authenticated because NDSC has failed to include affidavits by persons with personal knowledge of the letters or any other evidence permitted by Federal Rule of Evidence 901(b). See Orr, 285 F.3d at 777–78.

As with the first three exhibits, none of these letters is authenticated and none appears to be self-authenticating, and as a consequence none may be considered in evaluating the instant Motion for Summary Judgment.

### 3.     **Response and Reply**

The Court's inquiry into authenticity concerns the genuineness of an item of evidence, not its admissibility, so when a document has been authenticated by one party, the requirement of authenticity is satisfied as to that document with regards to all parties. Orr, 285 F.3d 776. Thus, the Court looks to the Response. While the United States, in its response, has attached several exhibits, ECF Nos. 24-1–24-6, none is identical to any of the documents upon which NDSC relies in its motion and thus the United States cannot have authenticated any document upon which NDSC relied. The Court therefore need not evaluate the admissibility of the United States' evidence at this time.

NDSC's Reply, similarly, does not provide the necessary authentication.

### 4. Conclusion

Here, because of the inadmissibility of all of its submitted evidence, NDSC cannot establish "that there is no genuine dispute as to any material fact and the [NDSC] is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a), and the Court accordingly denies the Motion for Summary Judgement without prejudice.

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
> (1) give an opportunity to properly support or address the fact;
> (2) consider the fact undisputed for purposes of the motion;
> (3) grant summary judgment if the motion and supporting materials-- including the facts considered undisputed--show that the movant is entitled to it; or
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e). However, it is also apparent to the Court that NDSC may be able to establish the authenticity and admissibility of evidence it wishes to use at summary judgment. Furthermore, it is apparent that the United States also seeks the opportunity to brief evidence it claims was not available to it until after the dispositive motion deadline. Mot. to File Sur-Reply 1–2, 4. Accordingly, pursuant to Fed. R. Civ. P. 56(e)(1) and (4), the Court will extend the dispositive motion deadline and allow both the United States and NDSC to file dispositive motions within two weeks of the filing of this Order. Each party may re-file a previously filed motion, supported by authenticated and admissible evidence, may file a new motion, or may decline to file a dispositive motion.

### B. Motion to File Sur-Reply

Because the Motion for Summary judgment has been denied without consideration given to its merits, and because further briefing will be permitted, the Motion for Leave to File a Sur-Reply is moot.

## IV. CONCLUSION

For the reasons stated above, IT IS ORDERED that Motion for Summary Judgment, ECF No. 23, is DENIED without prejudice.

1       IT IS FURTHER ORDERED that Motion for Leave to File a Sur-Reply, ECF No. 26, is DENIED as moot.

        IT IS FURTHER ORDERED that the Deadline for Dispositive Motions is reset to April 22, 2015.

        Dated: April 8, 2015.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT COURT JUDGE